UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELAINE SMITH, BRIAUNA
BOSWORTH, SHARRONA
BRIGHTMAN, and ELIZABETH
MULRONEY,

      Plaintiffs,

v.                                      Case No. 3:20-cv-629-J-39JRK

SHERIFF MIKE WILLIAMS, in his
official capacity as Sheriff of the
Consolidated City of Jacksonville,
Florida, J. H. WING, individually, F.
CANNADAY, individually, D. D. STUHR,
individually, and C. S. JOHN,
individually,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Plaintiffs Motion for Preliminary Injunction (Doc. 10) is premised in large part on President Trump's intent to attend the Republican National Convention in Jacksonville, Florida to accept the Republican Party's nomination as its presidential candidate on the sixtieth anniversary of Ax Handle Saturday. (Doc 10 at 12-13); (see also Doc. 1 ¶¶ 63, 64, 70, and 71). Various news outlets now report that the RNC will no longer be held in Jacksonville. See, e.g., Maggie Haberman et al., Trump Abruptly Cancels Republican Convention in Florida: "It's Not the Right Time," N.Y. Times, July 23, 2020,

https://www.nytimes.com/2020/07/23/us/politics/jacksonville-rnc.html.[1] If the news reports are accurate, the issue of standing in this case requires additional analysis and discussion.

Accordingly, after due consideration, it is

**ORDERED:**

1. On or before **July 29, 2020**, the parties shall submit a joint filing as to whether they agree that the RNC will no longer be held in Jacksonville. They shall also address whether there is evidence that President Trump will still give an acceptance speech on the anniversary of Ax Handle Saturday.

2. On or before **July 29, 2020**, Plaintiffs shall provide the Court with information as to whether they will protest on Ax Handle Saturday, and if so, all pertinent details as to that protest.

3. On or before **July 31, 2020**, the parties shall each submit separate supplemental briefing not to exceed ten (10) substantive pages as to the impact those facts stated in the July 29, 2020 briefing have, if any, on the Court's standing analysis conducted consistent with Elend v. Basham, 471 F.3d 1199 (11th Cir. 2006).

---

[1] While courts cannot assume the truth of the substantive content present in news articles and publications, but they can judicially notice the existence of those articles. U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 812 n.4 (11th Cir. 2015) ("And courts may take judicial notice of documents such as the newspaper articles at issue here for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements).").

**DONE** and **ORDERED** in Jacksonville, Florida this __24th__ day of July, 2020.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record